

*faegredrinker.com*

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

February 27, 2023

**BY ECF**

Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court
for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re: Corsi v. Cellco Partnership, , No. 3:22-cv-4621-ZNQ (D.N.J.)

Dear Judge Quraishi:

On behalf of defendant Cellco Partnership, d/b/a Verizon, I write in response to Plaintiffs' Notice of Supplemental Authority (Dkt. No. 32) filed earlier today. Plaintiffs' Notice inaccurately stated that "AAA is not willing to administ[er]" arbitrations pursuant to Verizon's November 2021 Customer Agreement. That is not true. To the contrary, shortly after the Process Arbitrator issued the decision that Plaintiffs reference, AAA *agreed* to administer the claims if Verizon would waive the agreement's provision prohibiting the filing of more than 25 commonly represented, similar claims until ten "bellwether" arbitrations have occurred. Verizon promptly consented. Accordingly, AAA can and will arbitrate these disputes.

To be clear, Verizon strongly disagrees with the AAA Process Arbitrator's determination that the bellwether process set forth in the November 2021 Customer Agreement violates AAA's "Due Process Protocol." Verizon has stipulated both to this Court and to the New Jersey Superior Court that Verizon would not and legally could not have insisted on continued ten-at-a-time batching of claims once the bellwether purpose of these initial trials had been satisfied. Accordingly, there would have been no possibility of any claimants having to wait "years" before their claims could be adjudicated. Nevertheless, the Process Arbitrator having ruled as he did, Verizon has responded to AAA's concerns. AAA's request that Verizon waive the bellwether provision, and Verizon's letter confirming the waiver, are attached hereto as Exhibits A and B. Plaintiffs' counsel obviously were copied on both exchanges with AAA, so Plaintiffs' decision to submit only the Process Arbitrator's decision, and not this subsequent correspondence, is inexplicable.

Plaintiffs' opposition to Verizon's pending motion to compel arbitration in this case focused principally on their cramped reading of the November 2021 Customer Agreement's bellwether provisions and what they asserted to be the possibility that their clients might have their claims extinguished by the passage of time while batched arbitration trials of claims already pending before AAA proceeded ahead of theirs. That would not have happened in any event, but Verizon's accession to AAA's request makes Plaintiffs' contention to the contrary moot.

Hon. Zahid N. Quraishi, U.S.D.J.     -2-     February 27, 2023

Further, although Verizon disagrees with the Process Arbitrator's decision, the fact that AAA resolved the parties' dispute regarding the Customer Agreement demonstrates that AAA can and does address these interpretative disputes as set forth in its own rules and procedures. This sequence with AAA confirms that the arbitration process works as intended. There is no need for this Court, or any court, to indulge Plaintiffs' speculation about nonfeasance by AAA.

Because the central premise of Plaintiffs' opposition to Verizon's pending motion no longer exists, Verizon submits that Plaintiffs no longer have any valid basis to oppose the Court compelling them to arbitrate their claims.

Respectfully submitted,

*[signature]*

Jeffrey S. Jacobson

cc: All counsel (via ECF)