

denittislaw.com

5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
P: 856.797.9951 | F: 856.797.9978

1515 Market Street, Suite 1200
Philadelphia, PA 19102
P: 215.564.1721 | F: 215.564.1769

315 Madison Ave., 3rd Floor
New York, NY 10017
P: 646.979.3642

March 14, 2023

**Via ECF Only**
The Honorable Zahid N. Qurashi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      Re:    <u>Corsi, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.</u>
               **Civil Action No. 3:22-cv-4621-ZNQ-RLS**

Dear Judge Qurashi:

      Please accept this letter in response to Defendant Verizon's March 13, 2023 letter (Doc. No. 35) attaching correspondence from the American Arbitration Association's ("AAA") Manager of ADR Services. Plaintiffs object to Verizon's letter and attachment as irrelevant and as having no bearing on the Court's decision in this matter.

      On February 27, 2023, Plaintiffs filed a Notice of Supplemental Persuasive Authority (Doc. No. 32) which provided this Court with the AAA's Order dated February 22, 2023 ("AAA Order") holding that Verizon's October 2021 Customer Agreement ("Agreement")—the identical Agreement at issue in this litigation—does not comply with the AAA's Consumer Due Process Protocol. The AAA Order is relevant to the issues before this Court because it is persuasive authority that the Agreement's mass arbitration provision is unconscionable, given that the AAA, through a Process Arbitrator, itself has found that the mass arbitration provision violates the AAA's own Due Process Protocol principles.

      Specifically, the Order reads: **"Stated simply, the prospect of many years of delay in the resolution of thousands of consumer disputes with Verizon does not meet the test of reasonableness as required by the Protocol. That is so because: (l) a core purpose of the Protocol is to promote the timely resolution of consumer disputes; and (2) as confirmed by**

Stephen P. DeNittis***† | Joseph A. Osefchen | Shane T. Prince* | Joseph A. D'Aversa | Charles J. Galvin* | Donald F. Browne, Jr.

*Member of the NJ & PA Bar    **Member of the NJ & NY Bar    †Certified Civil Trial Attorney by the Supreme Court of New Jersey

**the *MacClelland* court, the Mass Arbitration Agreement by its unambiguous language would result in extraordinary delays in the resolution of mass claims brought against Verizon."** AAA Order pg. 13.

On March 13, Verizon filed a letter and attachment (Doc. Nos. 35 and 35-1) concerning Verizon's limited unilateral waiver of the mass arbitration provision. Plaintiffs object to Verizon's proffer of the letter and ask the Court to disregard it as irrelevant.

The AAA letter attached to Verizon's March 13 filing has no bearing on this Court's determination of Verizon's pending motion to compel arbitration for several reasons:

**First**, the AAA's administrative determination to administer arbitrations is based solely upon the AAA's administrative decision to permit Verizon to unilaterally waive, before the AAA, the mass arbitration provision. Plaintiffs strongly dispute Verizon's ability to unilaterally waive the mass arbitration provision, and, as the AAA letter recognizes, Plaintiffs can (and will) dispute this with the Merits Arbitrators once appointed.

Regardless, it is black letter law that the test for **the Court** when determining **unconscionability** is whether the **contract is unconscionable at the time the contract was made** and as it was written. See MacClelland v. Cellco Partnership, 609 F.Supp.3d 1024, 1041 (N.D. Cal. 2022) (**"In assessing unconscionability, the Court must examine the validity of a contractual provision as of the time of [*sic*] the contract is made"**); Gonzalez v. A-1 Self Storage, 350 N.J. Super. 403 (Law Div. 2000) (it **"is up to the court to find as a matter of law that the contract or any clause of the contract was unconscionable at the time it was made"**); Collins v. Uniroyal, Inc., 64 N.J. 260, 269 (N.J. Supreme Ct 1974) (same); Meunier v Northwestern Mut. Life Ins. Co., 51 F.Supp.3d 1023, 1031 (D. Oregon 2014) (same); Luna v. Household Finance Corp. III, 236 F.Supp.2d 1166, 1183 (W.D. Wa. 2002) (same); Armendariz v. Foundation Health Psychare Services, Inc., 6 P.3d 669, 697 (Cal. Supreme Ct. 2000) (An attempted waiver of an unconscionable provision **"does not change the fact that the arbitration agreement as written is unconscionable and contrary to public policy... No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it."**).

Accordingly, any alleged waiver by Verizon of the mass arbitration provision in the October 2021 Customer Agreement is irrelevant to this Court's **unconscionability** determination.

**Second**, the AAA letter is irrelevant because a waiver would constitute a change to the Customer Agreement's dispute resolution provision, but the Agreement has a Lock-In Clause which explicitly forbids any change to the dispute resolution provision in the course of an existing dispute: "[I]f we make any changes to the dispute resolution provision of this Agreement, such changes will not affect the resolution of any disputes that arose before such change." Verizon Customer Agreement, p. 2 (See Declaration of Stephen DeNittis, Doc. No. 28-1 at pg. 13).

A federal court has already enforced the Lock-In Clause and held that Verizon cannot make changes to its dispute resolution provision, including via waiver, concerning an existing dispute. In MacClelland v. Cellco Partnership, 609 F. Supp. 3d 1024, 1042 (N.D. Cal. July 1, 2022) (app. pend.), Verizon attempted to save the mass arbitration provision by filing a notice with the Court stating that Verizon would be voluntarily *waiving* the statutes of limitations for the plaintiffs and their existing disputes until their arbitrations commenced. (MacClelland, Case No. 3:21-cv-08592-EMC, Docket No. 44, 2:12-16, June 8, 2022.) The plaintiffs then filed a response with the Court pointing out that Verizon's arbitration agreement—and specifically the Lock-In Clause—prohibited Verizon from doing so.

The Court then ruled:

> **Plaintiffs are correct: the Agreement specifically provides that "if [Verizon] make[s] any changes to the dispute resolution provision of this Agreement, such changes will not affect the resolution of any disputes that arose before such change." Agreement at 2.** *As a result, Verizon's efforts to cure the statute of limitations problem for the Plaintiffs herein are unavailing.*

Ibid. (emphasis added).

In addition, Verizon's waiver arguments and/or promises of waiver are hollow because, despite amending its Customer Agreement four times since the October 2021 Agreement at issue in this lawsuit, Verizon still has not removed the mass arbitration provision from the Agreement. (Verizon also has not removed the Agreement's other unconscionable provisions including the bar to extrinsic evidence, the bar to treble damages and the bar to public injunctive relief.)

**Third**, and in the alternative, Verizon has not waived the mass arbitration provision with respect to Plaintiffs or the putative class members on whose behalf Plaintiffs have filed this case; Verizon has only waived the provision with respect to particular Verizon customers who have already filed arbitrations with the AAA.[1]

Meanwhile—and tellingly—in Verizon's February 17, 2023, reply memorandum filed with this Court in support of Verizon's motion to compel arbitration (Doc. No. 31), Verizon twice **admitted** that the mass arbitration provision was **material** and therefore **non-severable**.

---

[1] In a February 24, 2023 letter to the AAA (attached as **Exhibit A**), Verizon stated that its waiver only applied to **"the [arbitration] claims filed to date by Mr. Hattis"**, and thus the waiver does not affect other claims such as those of Plaintiffs in this lawsuit. Verizon also stated in the February 24, 2023 letter that Verizon's waiver of the mass arbitration provision **"does not waive or affect in any way"** the mass arbitration provision which continued to be present in all four subsequent versions of the Customer Agreement. Verizon—a company with tens of millions of consumer subscribers who are all potential claimants in arbitration—is therefore arguing that these future arbitration claimants (including, potentially, Plaintiffs) will be limited to filing arbitrations in batches of 10, and also will need to reargue over and over again before different arbitrators, in batches of 10 at a time, whether or not the mass arbitration provision violates the AAA Consumer Due Process Protocol. By Verizon's own logic and admission, any such waiver, even if permissible, was limited and therefore would not prevent this matter from potentially taking over a hundred years to proceed in arbitration.

Verizon stated:

> **Finally,** *while the mass-arbitration provision is central to the arbitration agreement, and thus not severable,* **if the Court considers the remaining provisions and finds any unenforceable, it can sever them, as set forth in the Agreement.**

Reply, p. 2 (Doc. No. 31) (emphasis added).

> **Here,** *the preclusion on allowing a mass of identical arbitration claims to be filed (triggering fee obligations) before the bellwether trial process has occurred is essential, id., so it is not severable,* **but the remaining provisions plaintiffs challenge are not essential.**

Id., p. 14 (Doc. No. 31) (emphasis added).

**In conclusion**, Verizon's March 13 letter is irrelevant and thus inadmissible. And the facts identified hereinabove support Plaintiffs' contention that the mass arbitration provision is unconscionable and non-severable.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

DeNITTIS OSEFCHEN PRINCE, P.C.

STEPHEN P. DeNITTIS

cc:   Jeffrey S. Jacobson, Esquire