**DeNITTIS OSEFCHEN PRINCE, P.C.**
**Stephen P. DeNittis, Esq. (SD-0016)**
**Joseph A. Osefchen, Esq.**
**Shane T. Prince, Esq.**
**525 Route 73 North, Suite 410**
**Marlton, New Jersey 08053**
**(856) 797-9951**

**CRIDEN & LOVE, P.A.**
**Michael E. Criden, Esq.\*\***
**Lindsey C. Grossman, Esq.\*\***
**7301 SW 57th Court, Suite 515**
**South Miami, FL 33143**
**(305) 357-9000**

**HATTIS & LUKACS**
**Daniel M. Hattis, Esq.\***
**11711 SE 8th Street, Suite 120**
**Bellevue, WA 98005**
**(425) 233-8650**

**\*  Admitted Pro Hac Vice**
**\*\* Pro Hac Vice Application**
**   To Be Submitted**

**Attorneys for Plaintiffs and the Proposed Classes**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BOWMAN; ART CAPRI; DEBRA CASEY; KARYN CHALLENDER; TYSON COHRON; CINTIA CORSI; ANDI ELLIS; LAURIE FRANTZ; ASHLEY GARRISON; ANGELA GREEN; CARLOS GUTIERREZ; JAMES HOLLING; KAREN HUDSON; JERRY HUNT; JENNIFER HURTT; JOYCE JONES; LYNN KIRALY; MICHELLE LACUESTA; JASON MCCONVILLE; JOSE NICOT; SANDRA OSHIRO; LESLIE OWENS; JON SANTOS; TERRY SEXTON; RITSUKO TSUNASHIMA-KUKONU; and KATHLEEN WRIGHT; on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. 3:22-cv-04621<br><br>**NOTICE OF SUPPLEMENTAL PRECEDENTIAL AUTHORITY** |
| Plaintiffs, | |
| v. | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON COMMUNICATIONS INC., | |
| Defendants. | |

1

Plaintiffs wish to advise the Court that on May 1, 2023, the New Jersey Appellate Division issued its opinion in <u>Achey, et al. v. Cellco Partnership (d/b/a Verizon Wireless) and Verizon Communications, Inc.</u>, Superior Court of New Jersey, Appellate Division, Docket No. A-3639-21, 2023 WL 3160849, --- N.J. Super. --- which unanimously held that **the exact same Verizon Wireless arbitration clause at issue in the case at bar** was unconscionable and violative of New Jersey law and public policy to such a degree that the entire arbitration clause was null, void and unenforceable under New Jersey contract law. <u>See</u> Attachment A at Page 3: **"Upon our de novo review, we hold that the arbitration agreement is unenforceable in its entirety as it is permeated by provisions which are unconscionable and violative of New Jersey public policy."** As indicated on the accompanying copy of this opinion, this Appellate Division opinion was **"APPROVED FOR PUBLICATION"** on **"May 1, 2023"** and is therefore precedential. Indeed, because this published opinion by the Appellate Division answers the very same questions as to enforceability at issue in the motion in the case at bar, it is submitted that this authority is not merely persuasive or supplemental but is, in fact, a precedential ruling by New Jersey's second highest state court as to the issues in the motion to compel arbitration in the case at bar.

As outlined in greater detail in the attached Appellate Division opinion, the three members of the panel unanimously concluded that the decades long so-called "bellwether" or "batching" scheme which Verizon's arbitration clause sought to impose on consumers was unconscionable and unenforceable under New Jersey contract law. See Attachment A at Page 13-14:

> **First, <u>we find that the bellwether provision is unconscionable on its face</u> because it gives all decision-making power to defendants as to how long the "batching process" would continue and leaves plaintiffs without any protection to ensure that their claims would be heard in a timely manner. To that end, the customer agreement provides no time limit for how long the bellwether process could continue and fails to specify the number of cases that would need to be arbitrated before all the remaining cases would be settled. <u>In addition, the agreement prejudices plaintiffs by failing to toll the statute of limitations while the bellwether process is underway. Despite defendants' assurance to the contrary, the only place where the statute of limitations is mentioned in the agreement is where it notes that the statute of limitations can be used as a valid defense in arbitration.</u> (emphasis added) (citation omitted)**

The Appellate Division also unanimously held that the Verizon arbitration agreement's ban on the customer's use of any evidence extrinsic to the bare language of the wireless contract itself was unconscionable in that it violated New Jersey contract law, the New Jersey Consumer Fraud Act and New Jersey public policy. See Attachment A at Page 15-16:

> **Second, <u>we find that the "exculpatory clause," barring any consumer claims which arise from statements not memorialized in the contract itself and barring customers</u>**

3

> **from using any evidence in arbitration other than the**
> **contract itself, violates statutory rights granted by the CFA.**
> **Specifically, N.J.S.A. 56:8-2 protects consumers from**
> **deceptive commercial practices in connection with the sale or**
> **advertisement of merchandise, including statements by**
> **employees, invoices, and other documents, but the customer**
> **agreement purports to limit plaintiffs' claims to those**
> **contained within the four corners of the agreement.**
> **(emphasis added)**

The Appellate Division also unanimously held that the Verizon wireless

agreement's attempt to impose a requirement on consumers that they give notice of

their claims within 180 days of the day the claim arose was unconscionable in that

it violated New Jersey contract law, the New Jersey Consumer Fraud Act and New

Jersey public policy. See Attachment A, at Pages 16-18:

> **we find that the provision requiring customers to give**
> **defendants notice of a claim within 180 days of receiving a**
> **bill violates public policy … we agree with the MacClelland**
> **court that there is at least some degree of substantive**
> **unconscionability in the 180-day notification clause because**
> **of the CFA's significant emphasis on routing out consumer**
> **fraud. (emphasis added)**

The Appellate Division unanimously concluded in its published opinion that

the number and degree of unconscionable provisions in Defendants' arbitration

clause could not be remedied by severance or by Defendants' voluntary agreement

not to enforce certain of these discreet provisions. Rather, the Appellate Division

held that the entire arbitration clause in the Verizon Wireless customer agreement

4

at issue must be declared unconscionable, null and unenforceable under New

Jersey contract law. <u>See</u> Attachment A at Page 18:

> **Ultimately, we find that the "cumulative effect" of the various unconscionable terms renders the arbitration agreement "unenforceable for lack of mutual assent."**

We ask that the Court accept this supplement. By copy of this supplemental

notice, Plaintiffs are asking Defendants to withdraw their motion to compel

arbitration on the grounds that the New Jersey Appellate Division has now issued a

published and precedential ruling that the entirety of the exact same arbitration

clause at issue in the case at bar is unconscionable and contrary to public policy

such that the entire clause is unenforceable as a matter of New Jersey contract law.

If Defendants decline to withdraw their motion to compel arbitration, Plaintiffs ask

that the federal court rule now, without oral argument, on this fully-briefed motion,

which should be denied as it is clear that the issues of New Jersey contract law

involved in this motion have now been decided by the Appellate Division in a

published precedential opinion.

Dated:  May 1, 2023                         Respectfully submitted,

                               BY: _____

                                    DeNITTIS OSEFCHEN PRINCE, P.C.
                                    Stephen P. DeNittis, Esq.
                                    525 Route 73 North, Suite 410
                                    Marlton, NJ 08053
                                    Telephone: (856) 797-9951
                                    Email: sdenittis@denittislaw.com

HATTIS & LUKACS
Daniel M. Hattis, Esq.*
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
* Admitted Pro Hac Vice

CRIDEN & LOVE, P.A.
Michael E. Criden, Esq.**
Lindsey C. Grossman, Esq.**
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050
Email: mcriden@cridenlove.com
Email: lgrossman@cridenlove.com
** Pro Hac Vice Application To Be
   Submitted

*Attorneys for Plaintiffs and the Proposed
Classes*

# Attachment A

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3639-21

JEFFREY ACHEY, MARILYN
ACHEY, JUSTIN ANDERSON,
DEIDRE ASBJORN, GREGORY
BURLAK, CARLA HIORAZZO,
JUDITH CHIORAZZO, JOHN
CONWAY, ADAM DEMARCO,
DEAN ESPOSITO, JAMES
FISHER, ALLISON
GILLINGHAM, LORRAINE
GILLINGHAM, DOREE
GORDON, DONNA HARTMAN,
PATRICIA JUSTICE, DAVID
KELLY, CHRISTINA
MANFREDO, ALEXANDER
NAVARRA, JUDITH
OELENSCHLAGER, DANIEL
PATINO, JAMES PRATE,
MICHAEL SCHEUFELE,
RUSSELL SEWEKOW,
DEBORAH STROYEK, LINDA
TEER, CHRISTINE TRAPPE, and
BRENDA TRIPICCHIO, on
behalf of themselves and all others
similarly situated,

        Plaintiffs-Appellants,

v.

CELLCO PARTNERSHIP,
d/b/a VERIZON WIRELESS,
and VERIZON
COMMUNICATIONS, INC.,

|  |
|---|
| **APPROVED FOR PUBLICATION** |
| May 1, 2023 |
| **APPELLATE DIVISION** |

Defendants-Respondents.

_____

Argued February 13, 2023 – Decided May 1, 2023

Before Judges Gooden Brown, DeAlmeida and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0160-22.

Stephen P. DeNittis argued the cause for appellants (DeNittis Osefchen Prince, PC, attorneys; Stephen P. DeNittis, Joseph A. Osefchen, and Shane T. Prince, on the briefs).

Jeffrey S. Jacobson argued the cause for respondents (Faegre Drinker Biddle & Reath LLP, Crystal Nix-Hines (Quinn Emanuel Urquhart & Sullivan LLP) of the California bar, admitted pro hac vice, Shon Morgan (Quinn Emanuel Urquhart & Sullivan LLP) of the California bar, admitted pro hac vice, and Marina E. Lev (Quinn Emanuel Urquhart & Sullivan LLP) of the California bar, admitted pro hac vice, attorneys; Crystal Nix-Hines, Shon Morgan, and Marina E. Lev, of counsel and on the brief; Jeffrey S. Jacobson, on the brief).

The opinion of the court was delivered by

MITTERHOFF, J.A.D.

In this class action matter arising out of a contract dispute, plaintiffs appeal from a July 15, 2022 order granting defendants' motion to stay proceedings against Verizon and to compel arbitration in accordance with the

2

A-3639-21

arbitration agreement appearing in the Verizon Customer Agreement.  In an oral opinion of the same date, the court first severed a limitation on damages provision from the agreement before enforcing the arbitration clause.  Upon our de novo review, we hold that the arbitration agreement is unenforceable in its entirety as it is permeated by provisions which are unconscionable and violative of New Jersey public policy.  We therefore affirm the trial judge's determination striking the agreement's limitation on damages, reverse the order staying the proceedings and compelling arbitration, and remand for proceedings consistent with this opinion.

We discern the following facts from the record.  On February 22, 2022, twenty-eight plaintiffs filed a proposed class action on behalf of themselves and all similarly situated former and current New Jersey Verizon Wireless customers, alleging that Cellco Partnership d/b/a Verizon Wireless and Verizon Communications, Inc. ("defendants" or "Verizon") had violated the Consumer Fraud Act, N.J.S.A. 56:8-1 to -227 ("CFA"), and other statutes by failing to disclose to customers an "[a]dministrative [c]harge" of $1.95 per month.  On May 13, 2022, defendants moved to compel arbitration and stay the proceedings, relying on the arbitration clause included in the customer agreement signed by each customer.

The arbitration clause at issue stated:

**HOW DO I RESOLVE DISPUTES WITH VERIZON?**

. . . .

YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT . . . .  YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY.

[(emphasis in original).]

The customer agreement further required plaintiffs to notify defendants of claims within 180 days of receiving the bill; otherwise, the customer would waive the right to bring a claim.  In addition, the agreement limited damages to direct damages and prohibited treble damages.

Paragraph 1 of the arbitration clause provided that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), applied to the agreement, and that the arbitrator would function under the terms of the American Arbitration Association ("AAA") or the Better Business Bureau ("BBB").  Paragraph 3 prohibited class or collective arbitrations, stating in relevant part:

(3) THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD. NOTWITHSTANDING ANY OTHER PROVISION

4

OF THE AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM. NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYERS FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT. ANY QUESTION REGARDING THE ENFORCEABILITY OR INTREPRETATION OF THIS PARAGRAPH SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR.

Paragraph 6 of the arbitration clause included a bellwether provision, which provided as follows:

(6) IF [TWENTY-FIVE] OR MORE CUSTOMERS INITIATE NOTICES OF DISPUTE WITH [DEFENDANTS] RAISING SIMILAR CLAIMS, AND COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS BRINGING THE CLAIMS ARE THE SAME OR COORDINATED FOR THESE CUSTOMERS, THE CLAIMS SHALL PROCEED IN ARBITRATION IN A COORDINATED PROCEEDING. COUNSEL FOR THE [CUSTOMERS] AND COUNSEL FOR [DEFENDANTS] SHALL EACH SELECT FIVE CASES TO PROCEED FIRST IN ARBITRATION IN A BELLWETHER PROCEEDING. THE REMAINING CASES SHALL NOT BE FILED IN ARBITRATION UNTIL THE FIRST TEN HAVE BEEN RESOLVED. IF THE PARTIES ARE UNABLE TO RESOLVE THE REMAINING CASES

A-3639-21

> AFTER THE CONCLUSION OF THE BELLWETHER PROCEEDING, EACH SIDE MAY SELECT ANOTHER FIVE CASES TO PROCEED TO ARBITRATION FOR A SECOND BELLWETHER PROCEEDING. THIS PROCESS MAY CONTINUE UNTIL THE PARTIES ARE ABLE TO RESOLVE ALL OF THE CLAIMS, EITHER THROUGH SETTLEMENT OR ARBITRATION. A COURT WILL HAVE AUTHORITY TO ENFORCE THIS CLAUSE, AND IF NECESSARY, TO ENJOIN MASS FILING OF ARBITRATION DEMANDS AGAINST VERIZON.

In addition, the customer agreement contained a severability clause, which stated:

> If any part of this agreement, including anything regarding the arbitration process (except for the prohibition on class arbitrations as explained . . . above), is ruled invalid, that part may be removed from this agreement.

Finally, the agreement concluded with the following language:

> This agreement and the documents it incorporates form the entire agreement between us. You can't rely on any other documents or on what's said by any Sales or Customer Service Representatives, and you have no other rights regarding service of this agreement.

According to AAA, the average consumer arbitration requires 6.9 months to complete. Plaintiffs' counsel, DeNittis Osefchen Prince, P.C. ("DeNittis"), represented an additional 2,537 Verizon customers who had already filed claims

A-3639-21

against defendants.[1]  Based on the bellwether provision, DeNittis calculated that plaintiffs would be required to wait 145 years to file their claims, until the preceding 2,537 claims brought by plaintiffs' counsel have been arbitrated pursuant to the bellwether process.

On July 15, 2022, the court conducted a hearing on defendants' motion to stay the proceeding and compel arbitration.  Following oral argument, the court first struck the limitation on damages clause, and severed it from the agreement pursuant to the severability clause, finding that it immunized defendants from paying treble damages in contravention of the CFA.  However, the court upheld and enforced the remainder of the agreement, including the arbitration clause, thereby granting defendants' motion.

In reaching its decision, the court did not discuss any provision of the agreement other than the limitation on damages and severability clause but invited the parties to file a motion for reconsideration if they so desired.  This appeal followed.

On appeal, plaintiffs raise the following arguments:

POINT I

---

[1]  It is unclear from the record whether DeNittis represents 2,537 additional New Jersey customers or whether those customers reside in other states.

THE COURT BELOW WAS CORRECT IN ITS RULING THAT THE ARBITRATION CLAUSE AT ISSUE DID NOT OVERCOME THE PRESUMPTION THAT THE COURT, NOT AN ARBITRATOR, DECIDES ISSUES OF ARBITRABILITY.

POINT II

DEFENDANTS' ARBITRATION CLAUSE IS SO PERMEATED BY PROVISIONS WHICH ARE UNCONSCIONABLE AND/OR WHICH VIOLATE NEW JERSEY PUBLIC POLICY THAT IT DEPRIVES CONSUMERS OF ANY FAIR OPPORTUNITY TO ENFORCE THEIR LEGAL RIGHTS IN ANY FORUM.

   A. A Federal Court in California Recently Ruled that the Very Same Verizon Arbitration Clause at Issue in the Case at Bar Was So Filled With Unconscionable Provisions that the Entire Arbitration Clause Had to Be Declared Unenforceable and Stricken.

   B. Verizon's Arbitration Clause Blatantly Violates New Jersey's Strong Public Policy of Guaranteeing Clients the Right to Retain Counsel of their Own Choosing and by Threatening Consumers with the Extinction of their Arbitration Claims if they Insist on Retaining Experienced Attorneys of their Choice.

   C. The Verizon Agreement's Purported Waiver of Plaintiffs' Statutory Right to Treble Damages Under the New Jersey Consumer Fraud Act is Unconscionable

and Contrary to Black Letter New Jersey Law.

D. The Clause Barring Any Consumer Claims Which Arise from Statements Not Memorialized in the Verizon Contract Itself, and Barring Customers from Using Any Evidence in Arbitration Other than the Contract Itself, Violates Statutory Rights Granted by the Consumer Fraud Act and is Therefore Unconscionable by Further Insulating Defendants from Claims.

E. The Provision Barring Claims Unless the Customer Sends Verizon A Pre-Claim Notice Within 180 Days of When the Claim Arose Violates Consumers' Statutory Rights Under the Consumer Fraud Act and New Jersey Public Policy.

F. The Attempt in Verizon's Clause to Limit the Scope of Plaintiffs' Statutory Right to Seek Injunctive Relief Under the Consumer Fraud Act is Contrary to the CFA and New Jersey Precedent and is Therefore Unconscionable.

POINT III

THE UNCONSCIONABLE PROVISIONS AND VIOLATIONS OF NEW JERSEY PUBLIC POLICY SO PERMEATE THE ENTIRE ARBITRATION SCHEME THAT THE ENTIRE CLAUSE SHOULD BE STRICKEN.

9

A-3639-21

Although the trial court did not discuss a majority of the provisions at issue here, this appeal concerns a question of law—the validity of an arbitration agreement—which we review de novo.  Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 445-46 (2014); Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015).  In the interest of judicial economy, we find that resort to original jurisdiction is appropriate here so as "to avoid unnecessary further litigation, as . . . the record is adequate to terminate the dispute and no further fact-finding . . . or discretion is involved, and thus a remand [for reconsideration] would be pointless because the issue to be decided is one of law and implicates the public interest."  Price v. Himeji, LLC, 214 N.J. 263, 294 (2013) (quoting Vas v. Roberts, 418 N.J. Super. 509, 523-24 (App. Div. 2011)).

It is well-established that New Jersey courts favor arbitration, as do the federal courts.  See Flanzman v. Jenny Craig, Inc., 244 N.J. 119, 133-34 (2020).  In fact, this court has noted that there is a "strong public policy in our state favoring arbitration as a means of dispute resolution and requiring a liberal construction of contracts in favor of arbitration."  Alamo Rent-A-Car, Inc. v. Galarza, 306 N.J. Super. 384, 389 (App. Div. 1997).  However, the Supreme Court has "refused to enforce contracts that violate the public policy of the State" or are "inconsistent with the public interest or detrimental to the common good."

A-3639-21

Vasquez v. Glassboro Serv. Ass'n, Inc., 83 N.J. 86, 98 (1980).  With that, "an arbitration clause may be invalidated 'upon such grounds as exist at law or in equity for the revocation of any contract[,]'" Martindale v. Sandvik, Inc., 173 N.J. 76, 85 (2002) (quoting 9 U.S.C. § 2), including "generally applicable contract defenses, such as fraud, duress, or unconscionability." Morgan v. Sanford Brown Inst., 225 N.J. 289, 304 (2016) (citing Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 68 (2010)).

At the outset, we recognize that the customer agreement at issue is a contract of adhesion, as it is "presented on a take-it-or-leave-it basis . . . without opportunity for the 'adhering' party to negotiate. . . ." Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 353 (1992).  In determining the enforceability of a contract of adhesion, "courts must look not only to the standardized nature of the contract, 'but also to the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the contract.'" Martinade, 173 N.J. at 90.  "[W]hen a contract is one of adhesion, the inquiry requires further analysis of unconscionability." Rodriguez v. Raymours Furniture Co., 225 N.J. 343, 367 (2016).

11

Here, plaintiffs urge this court to draw guidance from the decision of the United States District Court for the Northern District of California in MacClelland v. Cellco P'ship, 609 F. Supp. 3d 1024 (N.D. Cal. 2022), given that it examined the exact same arbitration clause at issue here.  There, the district court denied Verizon's motion to compel arbitration and, after reviewing each provision in turn, found that severance was inappropriate because the entire agreement was "permeated by unconscionability."  Id. at 1045.  In so doing, the court reasoned:

> Here, there is strong evidence that Verizon was trying to impose an "inferior forum" on its customers.  First, the notice period creates a narrow six-month window in which Verizon's customers must notify Verizon of the dispute or otherwise waive their claims.  Though different from a statute of limitations, as explained above, it may have the same operative effect as a practical matter.  Second, the limitations of liability provision prevents Plaintiffs from recovering any punitive damages, therefore negating a statutory right to a remedy.  Third, the public injunctive relief waiver prevents Plaintiffs from raising important claims currently protected by statute.  Fourth, the exculpatory provision prevents Plaintiffs from relying on information provided to them by, [e.g.], Verizon's customer service representatives even for claims such as fraud in the inducement for which an exception to the parole evidence rule has long existed.  Finally, the mass arbitration provision means that many of Verizon customers will not be able to file a claim in arbitration for years and possibly ever.  It can operate to effectively thwart arbitration and vindication of rights altogether.

A-3639-21

> In sum, the arbitration clause and the applicable limitations as a whole demonstrate a systematic effect to impose arbitration on a customer as an inferior forum. . . . The Court reaches this conclusion based on the number of unconscionable provisions, their nature, and the overall effect which is entirely foreseeable and intended. It appears to the Court that the object of the Agreement is to force Verizon consumers into an inferior (and, in many circumstances, wholly ineffective) forum.

> [(Id. at 1045-46).]

"[F]ederal court decisions, while not binding on New Jersey courts, are entitled to respectful consideration in the interests of judicial comity." Glukowsky v. Equity One, Inc., 180 N.J. 49, 71 (2004). In fact, this court finds the MacClelland decision especially persuasive because California and New Jersey contract law are substantially similar, particularly in their application of unconscionability. See Pokorny v. Quixtar, Inc., 601 F.3d 987, 996 (9th Cir. 2010); Stelluti v. Casapenn Enters., LLC, 203 N.J. 286, 301 (2010).

Our decision in this matter is guided by MacClelland as we find its reasoning sound and the result equitable. For the following reasons, we, too, find that severance was inappropriate as the entire arbitration agreement was permeated by unconscionability.

First, we find that the bellwether provision is unconscionable on its face because it gives all decision-making power to defendants as to how long the

13

"batching process" would continue and leaves plaintiffs without any protection to ensure that their claims would be heard in a timely manner.  See Bailey v. Wyeth, Inc., 422 N.J. Super. 343, 357 (Law Div. 2008) (holding courts are empowered to find that a bellwether provision will create unnecessary delay and undue prejudice and can interfere with the administration of justice).  To that end, the customer agreement provides no time limit for how long the bellwether process could continue and fails to specify the number of cases that would need to be arbitrated before all the remaining cases would be settled.  In addition, the agreement prejudices plaintiffs by failing to toll the statute of limitations while the bellwether process is underway.  Despite defendants' assurance to the contrary, the only place where the statute of limitations is mentioned in the agreement is where it notes that the statute of limitations can be used as a valid defense in arbitration.

The MacClelland court specifically addressed the lack of a tolling provision in the customer agreement, stating:

> The Court agrees with Plaintiffs that this provision is substantively unconscionable.
>
> Requiring the consumers who retain counsel willing to represent them in cases such as this to wait months, more likely years before they can even submit a demand for arbitration is "unreasonably favorable" to Verizon. . . .  Delaying the ability of one to vindicate a legal

14

claim by years, possibly 156 years, "conflict[s] with one of the basic principles of our legal system—justice delayed is justice denied." . . . Terms that "contravene the public interest or public policy" are substantively unconscionable. . . .

In addition to the length of delay, the provision is pregnant with the risk that claims will be effectively barred when coupled with the statute of limitations. The Agreement expressly reserves Verizon's right to raise a statute of limitations defense in arbitration. . . . Under the Mass Arbitration Provision, consumers may not "file" their claims in arbitration until all preceding traunches are adjudicated. Those in the queue who are not able to file within the limitations period would be forever barred. The clause contains no tolling provision. The forfeiture of entire legal rights contravenes public policy.

[MacClelland, 609 F. Supp. 3d at 1042 (emphasis in original) (internal citations omitted).]

The same concerns addressed by the MacClelland court underlie our decision here and we refuse to rely on defendants' oral assertions when interpreting the enforceability of a contractual provision.

Second, we find that the "exculpatory clause," barring any consumer claims which arise from statements not memorialized in the contract itself and barring customers from using any evidence in arbitration other than the contract itself, violates statutory rights granted by the CFA. Specifically, N.J.S.A. 56:8-2 protects consumers from deceptive commercial practices in connection with

15

the sale or advertisement of merchandise, including statements by employees, invoices, and other documents, but the customer agreement purports to limit plaintiffs' claims to those contained within the four corners of the agreement.

As for this provision, the <u>MacClelland</u> court found that the restriction on discovery was substantively unconscionable, 609 F. Supp. 3d at 1039, which aligns with this court's precedent.   <u>See</u> <u>Estate of Ruszala ex rel. Mizerak v.</u> <u>Brookdale Living Communities, Inc.</u>, 415 N.J. Super. 272, 298 (App. Div. 2010) (finding that "discovery restrictions are arguably the most palpably egregious because they are clearly intended to thwart plaintiffs' ability to prosecute a case. . . .").   Here, the discovery limitation forms an "unconscionable wall of protection" for defendants from accountability for valid consumer fraud claims and cannot stand.  <u>Id.</u> at 299.

Finally, we find that the provision requiring customers to give defendants notice of a claim within 180 days of receiving a bill violates public policy.  In <u>Bosland v. Warnock Dodge, Inc.</u>, 197 N.J. 543 (2009), our Supreme Court explained:

> Plainly, if we require plaintiffs, as a precondition to filing a complaint under the CFA, to first demand a refund, we will create a safe harbor for an offending merchant.  A merchant could rely on the pre-suit refund demand requirement, boldly imposing inflated charges at no risk, and planning to refund the overcharges only

16

when asked.  Such an analysis of the CFA would limit relief by making it available only to those consumers who are alert enough to ask for a refund, while allowing the offending merchant to reap a windfall.  We see in the broad remedial purposes of the CFA a strong contrary expression of public policy.  We discern in the CFA a clear expression of the Legislature's intent to empower consumers who seek to secure relief for themselves and for others who may not be aware that they have been victimized.  Because reading a pre-suit demand for refund requirement into the CFA would thwart those salutary purposes, we will not endorse it.

[Id. at 561.]

In discussing what is a reasonable shortening of a statute of limitations, our Supreme Court has stated:

The boundaries of what is reasonable under the general rule require that the claimant have sufficient opportunity to investigate and file an action, that the time not be so short as to work a practical abrogation of the right of action, and that the action not be barred before the loss or damage can be ascertained.

[Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 145 N.J. 345, 359 (1996) (quoting Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co., 301 N.W.2d 275, 277 Mich. (1981)).] [2]

MacClelland addressed this issue as follows:

[A] customer who fails to notify Verizon within the 180-day notice window . . .  will forfeit her right to

---

[2]  The reasonableness test in Camelot was ultimately overruled.  Rory v. Cont'l Ins. Co., 703 N.W.2d 23, 30 (Mich. 2005).

A-3639-21

> bring suit.  A short notice period (significantly shorter than the limitations period) sets a trap for the unwary. Functionally, this provision may well have the same effect as a statute of limitations in limiting the vindication of Plaintiffs' rights.
>
>              . . . .
>
> Although not quite as draconian as a limitation clause, the short notice provision here erects a potential trap to the unwary that may have the same effect as a short limitations period.  The Court concludes that there is at least some degree of substantive unconscionability associated with the 180-day notice provision.

[MacClelland, 609 F. Supp. 3d at 1035.]

Even though New Jersey permits shortening the statute of limitations for a CFA claim, we find that the provision at issue violates public policy by effectively abrogating plaintiffs' CFA claims should they fail to notify defendants within 180 days of the charge on their bill.  As such, we agree with the MacClelland court that there is at least some degree of substantive unconscionability in the 180-day notification clause because of the CFA's significant emphasis on routing out consumer fraud.  Bosland, 197 N.J. at 561.

Ultimately, we find that the "cumulative effect" of the various unconscionable terms renders the arbitration agreement "unenforceable for lack of mutual assent."  NAACP of Camden County East v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 438 (App. Div. 2011).

A-3639-21

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3639-21