

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

May 4, 2023

**BY ECF**

Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court
for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Corsi v. Cellco Partnership, , No. 3:22-cv-4621-ZNQ (D.N.J.)

Dear Judge Quraishi:

On behalf of defendant Cellco Partnership, d/b/a Verizon, I write in response to Plaintiffs' Notice of Supplemental Authority (Dkt. No. 37) filed on May 1.

The threshold question before this Court on Verizon's pending Motion to Compel Arbitration (Dkt. No. 21) is whether it should be an arbitrator or the Court who decides the merits of Plaintiffs' arguments that certain provisions of Verizon's Customer Agreement are unconscionable.  No dispute exists that Plaintiffs agreed to a contract requiring arbitration of disputes, or that their agreement to arbitrate incorporates by reference the Rules of the claimant's chosen arbitration forum—in this case the American Arbitration Association ("AAA").  In *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103-04 (3d Cir. 2020), the Third Circuit held that incorporation of AAA Rules into an arbitration agreement "constitutes clear and unmistakable evidence that the parties agreed to delegate arbitrability," even when the agreement involves unsophisticated parties.  *See also, e.g., Dobbs v. HealthIQ Ins. Servs., Inc.*, No. 21-5276, 2022 WL 2974713 (E.D. Pa. July 27, 2022) (compelling arbitration pursuant to Terms of Use that incorporated AAA Rules.).

In *Achey v. Cellco P'Ship*, No. A-3639-21 (N.J. Super. Ct., App. Div., slip op. May 1, 2023), the Appellate Division did not address at all the Customer Agreement's incorporation of AAA Rules. The Appellate Division thus did not consider whether the Customer Agreement required an arbitrator, and not the court, to decide plaintiffs' unconscionability arguments.  The *Achey* court then proceeded to follow the flawed reasoning of *MacClelland v. Cellco P'Ship*, 609 F. Supp.3d 1024 (N.D. Cal. 2022), Verizon's appeal from which to the Ninth Circuit is pending and soon to be fully briefed.  Verizon intends to seek New Jersey Supreme Court review of the Appellate Division's decision, as it has appealed *MacClelland*.  Importantly, too, the case before this Court does not include claims under New Jersey law, which was at issue in *Achey*, nor California law, which was at issue in *MacClelland*.

Hon. Zahid N. Quraishi                          -2-                          May 4, 2023

Because the *Achey* court failed to consider the delegation issue, while this Court is bound to follow the Third Circuit's decision in *Richardson*, Verizon respectfully submits that the Court should not consider *Achey* to be persuasive authority.

Respectfully submitted,

Jeffrey S. Jacobson

cc:  All counsel (via ECF)