**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CINTIA CORSI**, *et al.*,<br><br>                        Plaintiffs,<br><br>v.<br><br>**CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,** *et al.*,<br><br>                        Defendants. | Civil Action No. 22-4621 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Compel Arbitration and Stay Proceedings filed by Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc. (collectively, "Defendants"). ("Motion", ECF No. 21.) Defendants filed a brief in support of their Motion, ("Moving Br.", ECF No. 21-1), along with a declaration of Cellco Partnership's counsel of record Crystal Nix-Hines. ("Nix-Hines Decl.", ECF No. 21-2.) Plaintiffs Cintia Corsi, Karyn Challender, Angela Green, Karen Hudson, and Jerry Hunt, on behalf of themselves and all others similarly situated, opposed the motion ("Opp'n", ECF No. 28), along with a declaration of the managing shareholder of DeNittis Osefchen Prince, P.C. and counsel of record for Plaintiffs, Stephen DeNittis ("DeNittis Decl.", ECF No. 28-1). Defendants replied. ("Reply", ECF No. 31.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown,

1

Defendant's Motion to Compel Arbitration and Stay Proceedings will be DENIED WITHOUT PREJUDICE, and the parties will be ordered to conduct limited discovery on the issue of arbitrability.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs initiated this action by filing a Complaint ("Compl.", ECF No. 1-1) against Defendants on July 18, 2022. The Complaint alleges Defendant's deceptive sign-up policies and practices which trick customers by prominently advertising certain flat monthly rates for post-paid wireless service plans. (*Id.* ¶ 2.) After customers sign up, however, Defendants uniformly charge them higher monthly rates than advertised and promised by padding customers' bills each month with an "Administrative Charge" on top of the advertised and promised price. (*Id.*) The customers never agree to the Administrative Charge because it is never disclosed to customers when they agree to purchase wireless service from Defendant. (*Id.* ¶ 3.) Defendants first began sneaking the Administrative Charge into all of its post-paid wireless customers' bills in 2005, initially at a rate of $0.40 per month for each phone line on its customers' service plans. (*Id.* ¶ 5.) Since then, Defendants have repeatedly increased the amount of the Administrative Charge on a regular basis, ultimately reaching $3.30 at the time the Complaint was filed. (*Id.*) The first time that customers can possibly learn about the existence of the Administrative Charge, or the amount of the Charge, is on their monthly billing statements, which they begin receiving only after they have signed up for wireless service and are financially committed to their purchase and cannot cancel without penalty. (*Id.* ¶ 6.) Plaintiffs allege that Defendants' practice of not disclosing the Administrative Charge is deceptive and unlawful and ultimately seek injunctive, declaratory, monetary, and statutory relief. (*Id.* ¶ 12.) Notably, however, the Complaint neither alleges the existence of an

arbitration clause in any of the client agreements nor attaches any agreement as an exhibit to that effect.

On November 18, 2022, Defendants filed the instant Motion to Compel Arbitration and Stay Proceedings. (ECF No. 21.) Plaintiffs opposed the Motion, arguing that there is no agreed upon arbitration clause (Opp'n at 4–5), and to the extent that the Court finds that an arbitration clause existed, it is unenforceable because it is unconscionable and part of a contract of adhesion (*id.* at 16–17).

## II.  JURISDICTION

The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(d)(2), (5) because this is a proposed class action, Defendants are citizens of a different state than Plaintiffs and the members of the proposed classes, and the amount in controversy exceeds $5 million.

## III.  LEGAL STANDARD

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . .'" *John Hancock Mut. Life Ins. Co. v. Olick,* 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Additionally, under § 3 of the FAA, parties may "apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that

3

agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

IV. **DISCUSSION**

In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*Noonan v. Comcast Corp*, Civ. No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) (citations omitted). In such circumstances, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, Civ. No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). Afterwards, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, the Complaint makes no reference to an arbitration agreement *at all*, nor does it attach an exhibit that may reference such an agreement. Given that the question of arbitrability cannot

4

be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion. *See Guidotti*. 716 F.3d at 774. As the Third Circuit instructed in *Guidotti*, in this type of scenario, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Id.* (emphasis added); *see, e.g., Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Torres v. Rushmore Service Center, LLC,* Civ. No. 18-9236, 2019 WL 5669175, at *2 (D.N.J. Oct. 31, 2018) (same); *Hughes v. Kolaras*, Civ. No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (denying a motion to dismiss without prejudice in part because arbitrability was not apparent on the face of the complaint); *Divoc 91, LLC v. Nat. Essentials, Inc.*, Civ. No. 22-249, 2023 WL 2625275, at *3 (D.N.J. Mar. 24, 2023) (denying motion to compel arbitration and stay proceedings because the plaintiff's complaint "ma[de] no reference to whether the parties *agreed* to arbitration") (emphasis in original). Thus, this Court will deny Defendants' motion without prejudice, and order the parties to conduct limited discovery on the issue of arbitrability. Afterwards, Defendants may file a renewed motion to compel arbitration, which this Court will review under a Rule 56 standard.

**V.     CONCLUSION**

For the reasons stated above, Defendants' Motion to Compel Arbitration and Stay Proceedings will be DENIED WITHOUT PREJUDICE, and the parties will be ordered to conduct limited discovery on the issues of arbitrability over the next 60 days. The parties will be instructed to meet and confer and to file a proposed scheduling order for that discovery, together with a

deadline for the filing of any renewed motion to compel arbitration.  An appropriate Order will follow.

Date: **June 2, 2023**

                                                           s/ Zahid N. Quraishi
                                                         **ZAHID N. QURAISHI**
                                                         **UNITED STATES DISTRICT JUDGE**