

5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
P: 856.797.9951 | F: 856.797.9978

1515 Market Street, Suite 1200
Philadelphia, PA 19102
P: 215.564.1721 | F: 215.564.1759

315 Madison Ave., 3rd Floor
New York, NY 10017
P: 646.979.3642

December 21, 2023

**Via ECF Only**
The Honorable Zahid N. Qurashi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      Re: **Corsi, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.**
            **Civil Action No. 3:22-cv-4621-ZNQ-RLS**

           **Allen, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.**
            **Civil Action No. 3:23-cv-1138-ZNQ-RLS**

Your Honor:

      By consent of all parties, Plaintiffs' counsel are writing to the Court to advise that on December 15, 2023, the New Jersey Superior Court, in an action entitled Esposito, et al. v. Cellco d/b/a Verizon Wireless, Docket No. MID-L-6360-23, granted preliminary approval of a proposed nationwide class action settlement which, if given final approval at a Fairness Hearing scheduled for March 22, 2024, will resolve all claims pleaded in these Corsi and Allen, as well as all other proposed class actions currently pending against Verizon related to the "Administrative Charge." See Order Granting Preliminary Approval Dated December 15, 2023 in Esposito (attached hereto). If the proposed class action settlement is approved by the New Jersey Superior Court on March 22, 2024, the parties have agreed that the complaints in Corsi and Allen will be voluntarily dismissed immediately thereafter. Accordingly, all parties to this matter have agreed to jointly request that Your Honor administratively stay these two pending federal matters until April 1, 2024. At that time, if the proposed class action settlement has been approved by the New Jersey Superior Court, Plaintiffs in both these federal actions will be filing a voluntary dismissal of those actions.

                                      Respectfully submitted,

                                      DeNITTIS OSEFCHEN PRINCE, P.C.

SPD: jra                                            STEPHEN P. DeNITTIS

Stephen P. DeNittis***† | Joseph A. Osefchen | Shane T. Prince* | Joseph A. D'Aversa | Charles J. Galvin* | Donald F. Browne, Jr.

*Member of the NJ & PA Bar   **Member of the NJ & NY Bar   †Certified Civil Trial Attorney by the Supreme Court of New Jersey

**FILED**
December 15, 2023
**ANA C. VISCOMI, J.S.C.**

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq. (031981997)
Joseph A. Osefchen, Esq. (024751992)
Shane T. Prince, Esq. (022412002)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951

**CRIDEN & LOVE, P.A.**
Michael E. Criden, Esq.*
Lindsey C. Grossman, Esq.
7301 SW 57th Court, Suite 515
South Miami, FL 33143
(305) 357-9000

**HATTIS & LUKACS**
Daniel M. Hattis, Esq.*
Paul Karl Lukacs, Esq.
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
(425) 233-8650

\* Pro Hac Vice Application
To Be Submitted

**Attorneys for Plaintiffs and the Proposed Class**

| | |
|---|---|
| DEAN ESPOSITO, JEFFREY ACHEY, MARILYN ACHEY, JUSTIN ANDERSON, DEIDRE ASBJORN, GREGORY BURLAK, CARLA CHIORAZZO, JUDITH CHIORAZZO, JOHN CONWAY, ADAM DEMARCO, JAMES FISHER, ALLISON GILLINGHAM, LORRAINE GILLINGHAM, DOREE GORDON, DONNA HARTMAN, PATRICIA JUSTICE, DAVID KELLY, CHRISTINA MANFREDO, JUDITH OELENSCHLAGER, DANIEL PATINO, JAMES PRATE, MICHAEL SCHEUFELE, RUSSELL SEWEKOW, DEBORAH STROYEK, LINDA TEER, CHRISTINE TRAPPE, BRENDA TRIPICCHIO, TERESA MACCLELLAND, KAREN UMBERGER, SCOTT WILLITS, MICHAEL BRANOM, MOLLY BROWN, MICHAEL CARNEY, TIM FRASCH, PATRICIA GAGAN, ANNA GUTIERREZ, LINDA JENKINS, AUGUSTUS JOHNSON, WILLIAM KAUPELIS, MARILYN KAYE, JANETTE LISNER, WILLIAM ERIC LOUGH, DAVID MASSARO, LOUISE MONSOUR, DARLEEN PEREZ, GABRIELLE POZZUOLI, VALERIE REED, BRUCE SCHRAMM, KERRY SHOWALTER, JOHN ST. JARRE, GLORIA STERN, EDNA TOY, TERESA TOY, VANESSA WEST, MARY BOWMAN, ART CAPRI, DEBRA CASEY, KARYN CHALLENDER. TYSON COHRON, CINTIA CORSI, ANDI ELLIS, LAURIE FRANTZ, ASHLEY GARRISON, ANGELA GREEN, CARLOS GUTIERREZ, JAMES HOLLING, KAREN HUDSON, JERRY HUNT, JENNIFER HURTT, JOYCE JONES, LYNN KIRALY, MICHELLE LACUESTA, JASON MCCONVILLE, JOSE NICOT, SANDRA OSHIRO, LESLIE OWENS, JON SANTOS, TERRY SEXTON, KATHLEEN WRIGHT, PAMELA M. ALLEN, SAMANTHA ALBAITIS, CYDNI ARTERBURY, LISA BAKER, BRIANA | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>DOCKET NO. MID-L-6360-23<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE** |

| | |
|---|---|
| BELL, CHRISTINE BELLAVIA, KIMBERLY BLAIR, LEANOR BLAND-MULLINS, CAROLINE BONHAM, TAMMY BURKE, ANNMARIE CALDWELL, SHAUNA CAVALLARO, SANTOS COLON, ERIKA CONLEY, KENDRA CONOVER, DYLAN CORBIN, LAURA CURRY, SHAKERA DYER, JANE FREY, RUSSELL FROM, ANGEL GAINES, ASHTIN GAMBLIN, ERICKA GARDNER, ANN GRAFF, JAMES HENSLEY, SAREL HINES, ALEXANDER KEELER, ADAM KELLER, BILLIE KENDRICK, KRISTA KIRBY, JAN LOMBARD, MARC LOWREY, JILL MAILHOIT, AARON MAXA, KELLY MOORE, LINDSEY MORAN, DAVID MOYERS, JENNIFER OCAMPO-NEUBAUER, KEISHA ODOM, ANGEL PACHECHO, HEATHER RAY, SUSAN SCOTT, LORI SNYDER, MISTY SUTTON, KATHRYN TAYLOR, ANTHONY VALLECORSA, CLAIRE WHITE, KRISTOPHER WILLARD, ALVIN WILSON, and BRAD YOUNG, on behalf of themselves and all others similarly situated, Plaintiffs, v. CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, Defendant. | |

Before the Court is the Motion for Preliminary Approval of Class Settlement Agreement and for Direction of Class Notice Pursuant to N.J. Ct. R. R. 4:32-2 ("Motion"), filed by Plaintiffs. Plaintiffs and Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") have entered into a Class Settlement Agreement, dated November 10, 2023 ("Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, it is on this 15th day of December, 2023, the Court hereby ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter, and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this Court.

3. The Motion is GRANTED.

4. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to N.J. Ct. R. R. 4:32-2. The Court finds that it will likely be able to approve the Settlement Agreement under N.J. Ct. R. R. 4:32-2 and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that Plaintiffs and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arms' length negotiations by the Parties through an experienced mediator, Hon. Jay C. Gandhi (ret.) of JAMS, and comes after significant litigation—including significant litigation regarding Verizon's motions to compel arbitration of Plaintiffs' claims and to stay the respective litigations, resulting in multiple rounds of briefing and appeals to date—and significant investigation and discovery. The Court preliminarily finds that the relief provided—a non-reversionary common settlement fund of $100 million—is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal for all Parties, the legal issues presented in this Action, the interests of the proposed Settlement Class, and the proposed method of distributing payments to the Settlement Class (i.e., direct payments by checks and electronic payments). The Court preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable. Under the terms of the Settlement Agreement, all Settlement Class

Members are eligible to submit claims for settlement payments via a simple claim form. The Court will fully assess any request for attorneys' fees and litigation expenses after receiving a motion from Settlement Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the common settlement fund creates no reason not to direct notice to the Settlement Class; should this Court find any aspect of the requested attorneys' fees or expenses unsupported or unwarranted, such funds will not revert to Verizon.

5. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to N.J. Ct. R. R. 4:32-1(b)(3) and 4:32-2, consisting of:

> All current and former individual consumer account holders in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and November 8, 2023.
>
> Excluded from the Settlement Class are any Judges presiding over this Action and any members of their families, and Verizon and affiliated entities and individuals and their respective officers and directors.
>
> Also excluded from the Settlement Class are those persons who submit a timely and valid request for exclusion in accordance with the procedures set forth in the Settlement Agreement and in this Court's Preliminary Approval Order.

6. The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under N.J. Ct. R. R. 4:32-1— namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the

predominance and superiority requirements of N.J. Ct. R. R. 4:32-1(b)(3).

7. Certification of the Settlement Class and appointment of the Settlement Class Representatives and Settlement Class Counsel shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. If the Settlement does not occur for any reason, certification of the Settlement Class and any Settlement Class Representative or Settlement Class Counsel appointments, including this Order, shall be deemed void and vacated. The Parties reserve all rights and defenses as they existed prior to the execution of the Settlement Agreement and this Order in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

8. The Court hereby appoints Plaintiffs in the caption set forth above as Settlement Class Representatives to represent the Settlement Class.

9. The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
525 Route 73 North, Suite 410
Marlton, NJ 08053
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: josefchen@denittislaw.com
Email: sprince@denittislaw.com

**HATTIS & LUKACS**
Daniel M. Hattis, Esq.
Paul Karl Lukacs, Esq.
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171

Email: dan@hattislaw.com
Email: pkl@hattislaw.com

10. The Court hereby appoints Angeion Group as Settlement Administrator and directs Angeion Group to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

11. Pursuant to N.J. Ct. R. R. 4:32-2(b), the Court approves the proposed Notice program set forth at Section VI of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits A-E to the Settlement Agreement. The Court finds that the proposed Notice program meets the requirements of Due Process under the U.S. Constitution and N.J. Ct. R. R. 4:32-2; and that such Notice program, which includes individual direct notice to Settlement Class Members via email or mail, reminder notices, and the establishment of a Settlement Website and Toll-Free Number is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the forms of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, inter alia: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under N.J. Ct. R. R. 4:32-1 and 4:32-2.

12. The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement.

Claims Procedure

13. The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit E to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

Opt-Out and Objection Procedures

14. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator, at the address provided in the Website Notice, a request for exclusion that is postmarked no later than thirty-five days after the Notice Date (the "Exclusion Deadline"). To be effective, the request for exclusion must include (1) the Settlement Class Member's full name, telephone number, mailing address, and email address; (2) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (3) the name of this Action: "*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*"; and (4) the Settlement Class Member's original signature. In addition, for the request for exclusion to be effective, the sender's mailing address as reflected in the request for exclusion and on the mailing envelope itself must match the mailing address associated with the Settlement Class Member's Verizon account. Requests for exclusion furthermore must be made on an individual basis; "mass," "class," or other purported group opt outs are not effective. Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards. If a Settlement Class Member submits both a timely and valid request for exclusion and

an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion. The Settlement Administrator shall promptly after receipt provide copies of any requests for exclusion, including any related correspondence, to Settlement Class Counsel and Verizon's Counsel. Any Settlement Class Member who does not submit a timely and valid request for exclusion as set forth in this paragraph and in the Settlement Agreement shall be bound by all subsequent proceedings, orders, and judgments in this Action, including, but not limited to, the Release as defined in the Settlement Agreement, regardless of whether the Settlement Class Member has any pending claims or causes of action against Verizon.

15. Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, costs, or service awards, only by complying with the objection provisions set forth herein and in the Settlement Agreement. Settlement Class Members who object shall remain Settlement Class Members and shall be subject to the Release set forth in this Settlement Agreement if this Settlement is approved by the Court and becomes effective. To be considered valid, an objection must be in writing, must be filed with the Court or mailed to the Court at the address listed in the Website Notice, postmarked/filed no later than 25 days before the Fairness Hearing (the "Objection Deadline"), and must include the following: (1) the name of this Action: "*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*"; (2) the full name, mailing address, telephone number, and email address of the objector; (3) the objector's original signature; (4) a description of the specific reasons for the objection; (5) the name, address, bar number and telephone number of counsel for the objector, if the objector is represented by an attorney; and (6) state whether the objector intends to appear at the Fairness Hearing either in person or through counsel. Any Settlement Class Member who does not timely

submit an objection in accordance with this section shall waive the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards. Any Settlement Class Member who objects to the Settlement shall nevertheless be eligible for all benefits of the Settlement if it is approved and becomes final. The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Settlement Class Counsel and Verizon's Counsel.

Fairness Hearing

16. The Court will hold a Fairness Hearing on **March 22, 2024 at 10:00 a.m.** at the Superior Court of New Jersey, Middlesex County located at 56 Paterson Street, New Brunswick, New Jersey. The purposes of the Fairness Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for attorneys' fees, costs, and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

17. By no later than fifteen days after the Notice Date, Plaintiffs and Settlement Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement, requesting entry of the Final Order and Judgment, substantially in the form of Exhibit G to the Settlement Agreement; and (b) motion for attorneys' fees, costs, and service awards. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

18. By no later than twenty-one days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Settlement Class Counsel for filing with the Court) copies of any objections received by the Settlement Administrator.

19. By no later than fourteen days before the Fairness Hearing, the Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of the motion for final approval of the Settlement and/or in support of Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.

20. The Court may, in its discretion, modify the date and/or time of the Fairness Hearing, and may order that this hearing be held remotely or telephonically. In the event the Court changes the date, time, and/or the format of the Fairness Hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

21. Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the Fairness Hearing.

22. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement, including the Parties' agreement to cooperate in asking the Court to set a reasonable schedule for

the resumption of this Action and any parallel litigations brought by the Plaintiffs or Settlement Class Counsel against Verizon, as well as any pending or stayed appeals including the New Jersey Supreme Court appeal in *Achey v. Cellco Partnership*, Dkt. No. 088253 (N.J.) and Ninth Circuit appeal in *MacClelland v. Cellco Partnership*, 22-16020 (9th Cir.), as described in Sections X.E and XII.B of the Settlement Agreement.

23. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

24. Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against Verizon or the other Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

25. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, or any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered or received against Verizon or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) that any person suffered compensable harm or is entitled to any relief with respect to the matters asserted in this Action; (c) any liability, negligence, fault, or wrongdoing by Verizon or the Released Parties, including any of its affiliates, agents, representatives, vendors, or any other

person or entity acting on its behalf; (d) that this Action or any other action was or may be properly certified as a class action for litigation, non-settlement purposes; (e) the arbitrability of the Action as to Plaintiffs and Settlement Class Members; or (f) the enforceability of any applicable contractual or statutory limitations period to limit any relief.

26. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

27. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

28. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

IT IS SO ORDERED.

Date:   December 15, 2023

*/s/ Ana C. Viscomi*
Hon. Ana C. Viscomi, J.S.C.

(X) Unopposed   ( ) Opposed

The court has reviewed this application for preliminary approval of the class action settlement agreement and dissemination of class notice and grants same for substantially the reasons set forth in the application and pleadings submitted by class counsel for plaintiff class and defendant. Although the court received correspondence initially from an attorney not plenary admitted to practice in New Jersey and not admitted by pro hac vice application, and later received correspondence from a New Jersey attorney indicating an intervenor motion would be filed in order to object to this motion for preliminary approval, there is no basis for adjourning this motion. Counsel may seek to intervene and otherwise object in accordance with the terms of this Order.